UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00273

**Jerremy Raschaad Ray**,
*Petitioner,*

v.

**TDCJ-CID Director**,
*Respondent.*

# ORDER

On July 15, 2021, petitioner Jerremy Raschaad Ray, proceeding pro se, filed this petition for a writ of habeas corpus. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 3.

On August 31, 2021, the magistrate judge instructed petitioner to respond why his petition should not be dismissed as time barred pursuant to the statute of limitations as set out in 28 U.S.C § 2244(d). Doc. 13. On September 15, 2021, petitioner filed an objection to the magistrate judge's order for a response regarding whether his habeas petition was time barred. Doc. 18.

Petitioner's objection was construed as an appeal to the court pursuant to Federal Rule of Civil Procedure 72(a) of the magistrate judge's order. On October 4, 2021, the court overruled petitioner's objection and directed him to file a response on or before October 29, 2021, as to whether his federal habeas petition was time barred. Doc. 21. Petitioner received the order on October 8, 2021. Doc. 25.

Petitioner failed to comply with the court's order. On November 30, 2021, the magistrate judge entered a report recommending that petitioner's petition be dismissed without prejudice for want of prosecution and failure to obey an order. Doc. 33.

Petitioner filed objections to the report. Doc. 35. Petitioner's objections do not address the specific legal findings and conclusions in the report. Petitioner does not address whether his petition may be barred by the statute of limitations; rather, he reargues the issues he

originally set out in his petition. Objections to the report and recommendation must be specific. *See* 28 U.S.C. § 636(b)(1).

If a party files specific written objections to a report, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues which are truly in dispute." *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982).

General, vague, conclusive, or frivolous objections will not suffice. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). In such cases, the court will only review the magistrate judge's findings to determine if they are clearly erroneous or contrary to the law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Objections made with sufficient specificity, however, allow for the district court to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998).

Having conducted a de novo review of the record and the magistrate judge's proposed findings and recommendations, the court accepts the findings and conclusions of the magistrate judge. The petition is dismissed without prejudice. A certificate of appealability is denied sua sponte.

Petitioner also filed a motion to return documents. Doc. 39. He seeks the return of his exhibits. Docs. 1-3, 27-1, 27-2, 27-3. The motion to return documents (Doc. 39) is granted to the extent that the clerk of court shall return the documents found in Doc. 1-3 and Docs. 27-1 through 27-3 to petitioner free of charge. Any other outstanding motions are denied as moot.

*So ordered by the court on February 2, 2022.*

J. CAMPBELL BARKER
United States District Judge